511 A.2d 1136

**REPUBLIC INSURANCE COMPANY**

**v.**

**BOARD OF COUNTY COMMISSIONERS OF ST. MARY'S COUNTY.**

**No. 1625, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

July 15, 1986.

Robert N. Boyer, Upper Marlboro, for appellant.

Joseph R. Densford, Leonardtown, for appellee.

Argued before GILBERT, C.J., and ROSALYN B. BELL and WENNER, JJ.

GILBERT, Chief Judge.

The overriding question in this appeal is whether a surety[1] is permitted to limit its liability to the face value of a bond. A secondary issue is: does Maryland recognize an action by an obligee to recover from a surety for the latter's "bad faith"?

## The Facts

The developers of a subdivision in St. Mary's County known as Discovery were required to post performance bonds with the County as obligee. The purpose of the bonds was to secure the construction of subdivision roads. The project was to be completed by March 25, 1982, which deadline was extended to September 1, 1982. Prior to that time, however, the developer advised the County that the road and grading improvements would not be completed. Acting on that anticipatory breach, the County, on August

---

1. "A surety is one who, usually for a consideration, puts his neck as well as his pocketbook on the line for another." Attributed to Jim Oigan. *See Muir v. State,* 64 Md.App. 648 n. 1, 498 A.2d 666 n. 1 (1985).

17, 1982, demanded that Republic Insurance Co., the surety, honor its obligation under the bonds. The county engineer estimated that the cost of completing the streets in Discovery would be $57,112.00. That figure was communicated to Republic. Two months later, in November 1982, the county engineer raised his estimate to $62,518.60 for the completion of the streets and $8,635.00 for the costs of grading. The estimate was supplied to an engineer retained by Republic. Approximately fourteen months later Republic engineers determined that the County's figures were "acceptable."

The Public Works Agreement, as signed by A.L.E.R., Inc. and by the County, provided in part:

"[The County] shall have the right to require indemnification as to loss or expense incurred by the County by reason of the failure of the Party of the First Part [A.L.E.R., Inc.] to perform this Agreement...."

Notwithstanding that Republic is not a party to that agreement, the County contends that the surety is liable for consequential damages resulting from A.L.E.R., Inc.'s default.

The "Amended Declaration" did not allege "bad faith" by Republic. It merely asserted that, despite the Public Works Agreement, the surety "failed to construct the improvement or pay their estimated value." Furthermore, the County averred that Republic's "failure to complete ... or to pay ... in a timely fashion" caused the County to sustain damages of $103,506.50.

Republic moved for partial summary judgment on the grounds that it was neither a party to the Public Works Agreement nor did it sign that agreement. Republic declared that its liability was limited to the face value of the bonds.

When the case was called in the Circuit Court for St. Mary's County, Republic consented to the entry of a judgment against it in the amount of $65,800.00. The case proceeded to trial on a single count, which the County

referred to as, "the Count alleging bad faith on the insurance company." The jury resolved the dispute in the County's favor.

In this Court, Republic assails the jury's award of consequential damages, which exceeds the face value of the two bonds, and the judge's jury instructions on the issue of "bad faith." Other issues were also raised by Republic but in view of our disposition, it is unnecessary to consider them.

## The Law

The Court of Appeals routinely applies traditional rules of contract interpretation to surety agreements ensuring performance and payment bonds. *Lange v. Board of Education,* 183 Md. 255, 37 A.2d 317 (1944); *Women's Hospital v. Fid. & Guar. Co.,* 177 Md. 615, 11 A.2d 457 (1940); *Baltimore v. Md. Casualty Co.,* 171 Md. 667, 190 A. 250 (1937). In *Women's Hospital v. Fid. & Guar. Co.,* 177 Md. at 619, 11 A.2d at 459, the Court stated that "an ordinary conventional bond is a simple contract" and that "the cardinal rule in interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention if it can be done consistently with legal principles."

Republic's argument for limiting its liability to the face amount of the bonds is the unequivocal language in each of the two bonds which explicitly states:

"[t]he aggregate liability of the Surety on the bond obligation shall not exceed the sum thereof for any cause or reason whatsoever."

That language, Republic asserts, expresses the intent of the parties.

■ To circumvent the general rule with respect to damages for breach of contract and avoid Republic's limited liability, the County seeks to use tort law. The County wants to obtain damages in tort for Republic's failure to pay promptly the face value of the bonds and characterizes

the delay as "bad faith."[2] That approach by the County overlooks the proposition that the bond, itself, clearly defined the total financial obligation of the surety. That obligation, as so defined, was accepted by the County. In accepting the bond with its condition of limited liability unambiguously stated thereon, the County passively consented to the liability limitation on the face value of the bonds.

"Whenever parties themselves define the limits of their rights and obligations, the compact controls, and there is no room for the application of a legal theory to the contrary." *Baltimore v. Md. Casualty Co.,* 171 Md. at 672, 190 A. 250, quoting *First Nat. Bank v. McIntosh, etc. Co.,* 72 Kan. 603, 84 P. 535, 537.

■ Maryland does not recognize failure to perform a contract as giving rise to a tort action for "bad faith." Indeed, if the County were successful in its attempt, practically every breach of contract would give rise to an action in tort for "bad faith". Every breach of contract could, and probably would, result in claims in both contract and tort. The "bad faith" allegation would likely become a "boiler plate" averment in every suit for breach of contract.

We refuse to employ some supposed "public policy" argument which would obfuscate the distinction between contract and tort by intertwining one with the other. Instead, we hold that a breach of contract does not, under the circumstances of this case, give rise to a tort action for "bad faith."

It follows from what we have said that the case should not have gone to the jury on the issue of Republic's "bad faith." The judgment cannot stand.

JUDGMENT REVERSED. COSTS TO BE PAID BY ST. MARY'S COUNTY.

---

**2.** We have read and reread the "amended declaration" and fail to find any reference therein to "bad faith." All that is alleged is a breach of contract. Many breaches of contract are done in "bad faith."