536 A.2d 1211

**Lillie Jennifer JOHNSON**

v.

**FEDERAL KEMPER INSURANCE CO., et al.**

**No. 847, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

Feb. 10, 1988.

Certiorari Denied June 16, 1988.

Mercedes C. Samborsky, Joppa, for appellant.

Marc Seldin Rosen (Whiteford, Taylor & Preston on the brief), Baltimore, for appellees.

Argued Before WEANT, ROSALYN B. BELL and KARWACKI, JJ.

WEANT, Judge.

This is an appeal from the Circuit Court for Baltimore City. Appellant, Lillie Jennifer Johnson (Mrs. Johnson), had an auto insurance policy with appellee, Federal Kemper Insurance Co. (Kemper). Premiums were paid in two installments per year. In 1982, having purchased a newer car, Mrs. Johnson had the value of the policy increased. For this, Kemper assessed her an additional charge of $59.10, payment of which was due on 6 May 1982. The second payment of Mrs. Johnson's regular premium for that year, $55.40, was due on 18 May 1982. Not having received the first payment due, on 3 June 1982 Kemper mailed Mrs. Johnson a notice of cancellation, effective 16 June 1982. Coincidentally, on 3 June 1982 Mrs. Johnson sent Kemper the first payment due. Therefore, on 7 June 1982 Kemper sent Mrs. Johnson a notice of reinstatement, voiding the June 3 notice of cancellation. Not having received the second payment due, Kemper sent Mrs. Johnson a second notice of cancellation on 9 June 1982, effective 22 June 1982. This notice stated that cancellation was for "nonpay," but did not specify that it was for nonpayment of the second regular premium installment due May 18 under the two pay plan. It also did not state the amount due. The notice prompted Mrs. Johnson to call the Bailey Insurance Agency (Bailey), the independent insurance agency through which Mrs. Johnson had always dealt with Kemper. Mrs. Johnson informed the Bailey agent she spoke to that she had paid all of her premiums. The Bailey agent told Mrs. Johnson that, inasmuch as her premiums were paid, she could disregard the second cancellation notice, which she did.

On 4 July 1982, Mrs. Johnson was involved in an automobile accident with Kermit Mark Earles, an uninsured motorist. Mrs. Johnson made claims with Kemper for personal injury and property damage based on her auto policy. Kemper denied coverage, claiming that the policy was not in force because of Mrs. Johnson's failure to pay the second installment of the premium.

Mrs. Johnson filed suit against Kemper and Bailey in the Circuit Court for Baltimore City claiming damages for bad faith failure to pay insurance proceeds. Demurrers of both defendants were sustained with leave for Mrs. Johnson to file an amended complaint. Mrs. Johnson filed an amended complaint in two counts seeking damages again for bad faith failure to pay an insurance claim and for breach of contract. Again, demurrers to the complaint were sustained. The trial court ruled that Maryland does not recognize a tort claim for bad faith failure to pay a first party insurance claim and that the amended complaint failed to allege sufficient facts to establish a contract. Mrs. Johnson filed a second amended complaint seeking declaratory relief and again alleging bad faith on the part of both Kemper and Bailey. Bailey filed a motion to strike the second amended complaint. The trial court dismissed Bailey and issued an order limiting the issues of Mrs. Johnson's claim against Kemper to the existence of a contract, breach of contract, and contract damages.

Mrs. Johnson filed a separate complaint against Kermit Mark Earles for damages arising out of the 4 July 1982 accident. This was consolidated with her claim against Kemper. The issue of whether Mrs. Johnson was covered by the automobile policy at the time of the accident was bifurcated and tried to the court, sitting without a jury. The trial court found that Bailey had apparent authority to bind Kemper and that, by advising Mrs. Johnson that she could disregard the second notice of cancellation, Bailey had in fact bound Kemper to the policy. The court reasoned that, by failing to ascertain that Mrs. Johnson still owed Kemper a premium installment, Bailey was responsible for

unintentionally misleading her to believe that she could disregard the cancellation notice. The court concluded that her reliance on Bailey's advice was reasonable.

Following the trial court's decision, Kemper settled Mrs. Johnson's claims for personal injury and property damage under the policy. Kemper and Earles also settled with Mrs. Johnson for any damages attributable to Earles. (The policy contained an uninsured motorist provision.) The parties stipulated that Mrs. Johnson retained her right to appeal the trial court's dismissal of her claim for bad faith refusal to pay the proceeds upon demand. Mrs. Johnson claims damages resulting from the *delay* in receiving the proceeds including, *inter alia,* loss of the use of her car (which she could not have repaired without insurance proceeds), which in turn caused her to lose her job. She also seeks punitive damages.

On 30 November 1986, Mrs. Johnson filed a motion in the circuit court for reconsideration of its dismissal of her claim for bad faith refusal to pay insurance proceeds. This was denied. Still seeking to recover tort damages, Mrs. Johnson appeals, asking:

I.   Did the trial [court] err in ruling that no tort action lies against an insurer for bad faith failure to pay an insurance claim?

II.   Did the trial court err, after ruling that Kemper must provide coverage, that damages should be limited to contract losses only?

## I.

In holding that Maryland does not recognize a tort action against an insurer for bad faith failure to pay a first party insurance claim, the trial court cited *Caruso v. Republic Insurance Co.,* 558 F.Supp. 430 (D.Md.1983). In *Caruso,* the plaintiff also tried to recover in tort for an insurance company's alleged bad faith failure to pay a first party claim. The complaint alleged that the insurance company had "willfully, wantonly, and maliciously" breach-

ed its covenant of good faith with the plaintiff by denying the claim. *Id.* at 432. The court ruled that "the Maryland appellate courts would not recognize a separate tort based on such allegations." *Id.* at 434. We are aware of no Maryland cases which recognize as a tort action the bad faith failure of an insurer to pay a first party claim.

In her assertion that Maryland does recognize a tort claim against an insurer for bad faith refusal to settle a first party claim, appellant relies on *Fireman's Fund v. Continental Insurance Co.,* 308 Md. 315, 519 A.2d 202 (1987). Her reliance is misplaced. *Fireman's Fund* recognizes the well-established rule that the insured has a cause of action against its insurer for bad faith refusal to settle a third party claim against the insured where this results in a judgment against the insured in excess of its liability policy limits. *Id.* at 318, 519 A.2d at 204. The rationale for this rule is that the standard liability policy gives the insurer exclusive control over the investigation, litigation, and settlement of claims against the insured. It is obviously in the best interest of the insured for the insurer to settle the claim within the limits of the policy. The prospect of an award in excess of the policy limits does not threaten the insurer. As such, the insurer's motivation to settle the claim within the policy limits is not as strong as the insured's would be. The insurer therefore owes a duty to the insured to attempt to settle the claim within the limits of the policy since the insured has surrendered the right to do so itself. *Id.*

As the *Caruso* court recognized, a first party claim presents an entirely different situation. The insured retains all rights to control any litigation necessary to enforce the claim. Because it involves a claim by the insured against the insurer, rather than a claim by a third party against both the insurer and insured, there is no conflict of interest situation requiring the law to impose any fiduciary duties on the insurer. Instead, the situation is a traditional dispute between the parties to a contract.

Appellant contends that Kemper's actions in the present case violate two provisions of the Insurance Code and that these violations create tort liability distinct from Kemper's liability for breach of contract. The first provision cited is Md.Ann. Code art. 48A, § 240B *Notice of renewal premium due* (1986 Repl.Vol.). This section provides that an insurer must provide notice that a renewal premium is due at least 17 days prior to the due date. If the insurer fails to do this, it must "[p]rovide coverage for any claim which would have been covered under the policy, if it arises within 45 days after the date the insured discovers or should have discovered that his policy had not been renewed." *Id.*, § (b)(1). Even if, as appellant asserts, appellee violated this provision, nothing in the statute creates a tort action for the insurer's refusal to pay a claim. The statute merely imposes a notice requirement on insurers and prohibits them from denying coverage in certain instances where they fail to provide the requisite notice: the remedy it provides is enforcement of the policy.

The second statutory provision relied on by appellant is Md.Ann. Code art. 48A, § 230A *Unfair claim settlement practices* (1986 Repl.Vol.). But that provision states that it provides administrative relief only, *id.*, § (f)(1)(i), and that it is not to be construed "to provide or deprive any private right or cause of action to" any claimant. *Id.*, § (f)(2)(i). Therefore, it cannot be said to create a separate cause of action for appellant in this case.

For these reasons, we hold that Maryland does not recognize a specific tort action against an insurer for bad faith failure to pay an insurance claim.

## II.

■ Appellant asserts error in the trial court's order restricting her claim to damages for breach of contract. Appellant does not assert, and did not assert at the trial level, any tort claim other than that which we have rejected in Part I of this opinion. Therefore, she is entitled only to damages recoverable in an action for breach of contract. It

is well-settled that such damages are those which arise naturally from the breach of contract itself, or those which can be shown to have been contemplated by the parties when they entered into the contract as the probable result of a breach. *Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Co. v. Messenger,* 181 Md. 295, 300–01, 29 A.2d 653, 656 (1943). In an action for breach of contract alone, such as this one, punitive damages are not available even if the plaintiff can show actual malice. *Jacques v. First National Bank,* 307 Md. 527, 545, 515 A.2d 756, 765 (1986).

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.