Jeff YUEN, Personal Representative of the Estate of Kam Chau Yuen

v.

AMERICAN REPUBLIC INS. CO.

Civ. No. S 92–184.

United States District Court, D. Maryland.

March 16, 1992.

Robin Finizio, Sullivan & Talbott, Rockville, Md., for plaintiff.

Bryan D. Bolton, Stewart P. Hoover, Shapiro and Olander, Baltimore, Md., for defendant.

## MEMORANDUM

SMALKIN, District Judge.

This case is before the Court on the defendant's motion to dismiss, which has been fully briefed. No oral argument is necessary. The case involves a health insurance contract rescinded after almost a year, on account of alleged misrepresentations by the insured in procuring the policy. The plaintiff has abandoned Counts III and IV of his complaint, thereby mooting so much of the motion as relates to those counts.

■ With regard to Count I, the Court is of the opinion that it states a claim for a declaratory judgment that the defendant is in breach of contract, which is not subject to dismissal for failure to exhaust administrative remedies. Although it is true that the Maryland courts have recognized an administrative exhaustion requirement in certain insurance disputes, *Muhl v. Magan*, 313 Md. 462, 545 A.2d 1321 (1988), an exhaustion requirement has never been applied to a case in which there was, as here, a contract of insurance actually entered into between the parties. As noted by the court in *Muhl v. Magan*, 313 Md. at 480, 545 A.2d 1321, the would-be insured in that case "had no contract with" the insurer, but sought a form of relief unknown at common law, available only administratively under the Maryland statutory scheme. In those circumstances, exhaustion of the statutory remedies was required. *Id.* at 480–81, 545 A.2d 1321. The opinion of the Court of Special Appeals in a related case, *Magan v. Medical Mutual*, 81 Md.App. 301, 567 A.2d 503 (1989) deals with an action brought by the would-be insured against the would-be insurer, sounding, in relevant part, in tort, for the insurer's breach of the statutory duty to insure physicians. 81 Md.App. at 307 n. 5, 567 A.2d 503. Again, because that suit sounded in violation of a statutory duty, exhaustion of administrative remedies provided for the enforcement of that statutory duty, and the Court of Special Appeals accordingly dismissed the case.

In the present case, a contract of insurance was in fact entered into, and it was in force for almost a year before its purported rescission by the insurer. The insurer now claims that, because the subject of misrepresentation in a policy application is dealt with in the Insurance Code, Md.Ann.Code, art. 48A, § 374 (1957) (1991 repl. vol.), the holdings in both *Magan* cases require exhaustion of administrative remedies under the Insurance Code and bar the present lawsuit, which essentially seeks relief for improper rescission of the contract of insurance.

The insurer is wrong. In this case, unlike the *Magan* cases, there was a contract, and the question is simply whether the purported rescission of the contract was valid, or whether, on the other hand, the purported rescission breached a valid contract. The fact that the defendant considers the policy void and views it as if it had never been issued does not alter the fact that the policy *was* issued. There is no authority for the proposition that the defendant seeks to maintain, *viz.*, that the holdings in *Magan* apply to a claim for improper rescission of (and failure to pay benefits under) a contract of insurance once entered into. Certainly, the express holdings of the *Magan* cases do not establish such a holding, nor is there any such rule established in those cases by implication. Indeed, other cases that have applied § 374 have not disclosed any recognition of an exhaustion requirement. *See, e.g., Parker v. Prudential Ins. Co.*, 900 F.2d 772 (4th Cir.1990). The court in *Parker* simply looked to the statute (§ 374) as providing a relevant standard of conduct for the par-

ties to the insurance contract. 900 F.2d at 778.

Therefore, to the extent that Count I states a claim for declaratory relief for breach of an insurance contract, it is not barred by failure to exhaust administrative remedies, and the defendant's motion will be denied as to Count I, construed to state a claim only *ex contractu.*

■ Defendant's motion to dismiss Count II will be granted insofar as that count seeks to assert any tort or hybrid tort/contact claim, because it is well-settled that there is no first party bad faith claim maintainable against an insurer under Maryland law. *Johnson v. Federal Kemper Ins. Co.,* 74 Md.App. 243, 536 A.2d 1211, *cert. denied,* 313 Md. 8, 542 A.2d 844 (1988). The purpose of this rule is to confine actions between an insured and his or her insurer to the realm of contract law, rather than letting such actions expand to tort proportions. This Court is of the opinion that to recognize a hybrid tort/contract action for breach of the implied covenant of fair dealing in this case would undermine the rule in *Johnson, supra,* so as to render it utterly meaningless. On the one hand, the Court would be ruling out tort recovery when expressly so denominated, but allowing the practical equivalent of a tort suit under the "hybrid" theory. This would not be in accordance with Maryland law, as recognized in *Johnson.* To the extent that *Caruso v. Republic Ins. Co.,* 558 F.Supp. 430 (D.Md.1983) holds otherwise, it does not currently state the law in Maryland, which, this Court finds, is properly stated in *Johnson. See Wilson v. Ford Motor Co.,* 656 F.2d 960 (4th Cir.1981). Therefore, Count II will be dismissed, insofar as it purports to state any claim other than for breach of contract. Of course, only compensatory damages may be recovered for breach of contract. *Johnson,* 74 Md. App. at 249, 536 A.2d 1211.

Turning to the remaining count, the Court is of the opinion that Count V fails to plead fraud with anything near the requisite specificity under Fed.R.Civ.P. 9(b). *See, e.g., Birrane v. The Master Collectors, Inc.,* 738 F.Supp. 167, 170 (D.Md.

1990). Under the circumstances of this case, this Court is hard-pressed to imagine how a fraud claim could properly be stated against the insured within the strictures of Fed.R.Civ.P. 11, given the record to date. *See Parker,* 900 F.2d at 778 n. 8. Nevertheless, Count V will be dismissed, with 14 days leave to amend, should the plaintiff decide to amend in an attempt to plead a fraud claim properly under Rule 9(b).

■ The final point, defendant's motion to dismiss the claim for attorney's fees, will be denied without prejudice. In this Court, in a diversity case such as this, attorney's fees would be awarded only after judgment, *see* Local Rule 109.2, and the propriety of such an award will be examined if and when a judgment is recovered by the plaintiff.

For the reasons stated above, an order will be entered: denying the defendant's motion to dismiss Count I; granting its motion to dismiss Count II in part (as to all claims except for breach of contract); dismissing Counts III and IV as abandoned; and dismissing Count V, with 14 days leave to amend. The dismissals of Counts II (in part) and V are for failure to state a claim upon which relief can be granted. Fed. R.Civ.P. 12(b)(6).