**56**

Holly KING

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,
et al.

Civ. No. S 93–1441.

United States District Court,
D. Maryland.

Feb. 15, 1994.

Irving Schwartzman, Ira E. Hoffman, Savage & Schwartzman, P.A., Baltimore, MD, for plaintiff.

Rodger O. Robertson, Owens & Robertson, P.A., Baltimore, MD, for defendant Geico.

C. MacNair Speed, Lord & Whip, Baltimore, MD, for defendant Simpson.

*MEMORANDUM AND ORDER*

SMALKIN, District Judge.

This is a diversity car-crash case. The plaintiff is the niece of the driver, who was allegedly run off the road by a "phantom driver." In the crash that followed, plaintiff was injured. She has now sued her aunt and the aunt's insurer. Count II asserts a tort claim against the insurer for bad-faith failure to settle the uninsured motorist claim pressed by the niece/plaintiff.

The insurer has moved for summary judgment on Count II, on the ground that Maryland does not recognize a cause of action on the facts stated by the plaintiff. The plaintiff has opposed the motion. In that no relevant factual dispute exists on the present motion, there being presented only a question of law, summary judgment may be awarded if the defendant has demonstrated a clear entitlement to judgment in its favor as a matter of law. Fed.R.Civ.P. 56(c). No oral argument or further briefing is needed to convince the Court that the defendant has so demonstrated. Local Rule 105.6, D.Md.

■ The Court is aware of no case decided by the Court of Appeals or Court of Special Appeals of Maryland that has squarely addressed whether a passenger can sue the insurer in tort for bad-faith failure to settle an uninsured motorist claim. In this circumstance, this Court must forecast the result that the Maryland courts would likely reach. *Wilson v. Ford Motor Co.,* 656 F.2d 960 (4th Cir.1981).

From the decision of the Court of Special Appeals in *Johnson v. Federal Kemper Ins. Co.*, 74 Md.App. 243, 536 A.2d 1211, *cert. denied*, 313 Md. 8, 542 A.2d 844 (1988) (no tort cause of action in Maryland for insurer's failure to settle insured's "first-party" claim), this Court is convinced that the Court of Appeals of Maryland would not recognize a cause of action in favor of this plaintiff. As discussed in *Johnson*, the reason that any cause of action for failure to settle in bad faith is recognized at all in Maryland is that an insurer who fails to settle a third party's claim within policy limits exposes its insured, in litigation that it really controls, to personal liability in excess of policy limits, which poses a threat of violation of the fiduciary duty the insurer owes to its insured. 74 Md.App. at 247, 536 A.2d 1211. No such considerations of possible fiduciary conflict existed in the true first-party action which was before the Court of Special Appeals in *Johnson*. *Id.* None exists in this case, either. That is, whether the niece/plaintiff here is or is not a third-party beneficiary of the insurance contract (which, if she were, would put her squarely in the shoes of the first-party plaintiff, forbidden to sue under *Johnson* ), she stands to lose none of her assets by the insurer's failure to settle *her own claim*. Instead, if she were allowed to maintain this suit, she would be setting the stage for a direct action by virtually any tort plaintiff against the defendant's insurer for failure to settle a claim. This, the law of Maryland, or of any other state, will not tolerate, for reasons so obvious as to need no belaboring here. *See, e.g., Bean v. Allstate Ins. Co.*, 285 Md. 572, 574–75, 403 A.2d 793 (1979).

The case relied upon by plaintiff, *Allstate Ins. Co. v. Miller*, 315 Md. 182, 553 A.2d 1268 (1989), is rather beside the point, in that there was no bad faith claim asserted in that case, and the passing observation of the Court that that case was "functionally presented to the jury as a tort case," 315 Md. at 190, 553 A.2d 1268, had only to do with the question of whether policy limits were properly before the jury, not with any alleged breach of duty *ex delicto* by the insurer.

For the stated reasons, the defendant insurer's Motion for Summary Judgment must BE, and it hereby IS, GRANTED, and it is hereby awarded summary judgment as to Count II, only.

SO ORDERED.