**UNITED STATES, Appellant,**

v.

**Emma S. T. SHAW, Appellee.**

No. 4053.

District of Columbia Court of Appeals.

Argued Dec. 12, 1966.

Decided Feb. 3, 1967.

1406, Dixon v. United States, No. 16129, United States Court of Appeals for the District of Columbia Circuit.

John P. Diuguid, Washington, D. C., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired).

HOOD, Chief Judge:

On the night of May 2, 1966, a Metropolitan police officer found a man named Walker (hereafter called the complaining witness) in an unconscious state, lying in a pool of blood. On information obtained by the police, the appellee here was arrested without a warrant on the charge of assault with a dangerous weapon, a felony.[1] On the following morning appellee was charged by information with simple assault, a misdemeanor.[2] When on the same day, the case came on before the trial court, the prosecution asked for a continuance because the complaining witness was in the hospital and was likely to be there for ten days or more. The trial court denied the request for continuance, stating that the case would be tried that day or be dismissed. When the Government stated it was unable to proceed, the court dismissed the case for want of prosecution. The Government appeals from the dismissal.

While ordinarily the grant or refusal of a continuance is within the sound discretion of the trial court, we have no hesitancy in holding that in this case the trial court abused its discretion when it attempted to force the Government to go to trial the day after the offense was committed when the complaining witness was in the hospital. The order of dismissal must be reversed.

It should be added that the trial court's action was the result of its displeasure with the action of the District Attorney's office in filing the information charging a misdemeanor rather than asking for a preliminary hearing to determine if there was probable cause to hold appellee for grand

Frank Q. Nebeker, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Lawrence Lippe and Dean W. Determan, Asst. U. S. Attys., were on the brief, for appellant.

1. D.C.Code 1961, § 22–502.

2. D.C.Code 1961, § 22–504.

jury action in the United States District Court on the felony charge. The trial court made the following remarks:

> You bring this in here as a felony and drop it to a misdemeanor and want a continuance on probable cause. In this case the complainant that you call the complainant, might be the aggressor, I haven't got the faintest idea. Consequently she is going to be ready today. You had better revise your procedures. I don't like it, and I don't think anybody else in town likes it; it leads to abusive arrests. This case I am holding ready; it will be tried today or dismissed for want of prosecution.

The trial court should remember that the District Attorney's office is not a branch of the court, subject to the court's supervision. It is a part of the executive department, separate and apart from the judicial department. The District Attorney, and he alone, must determine the policies of that office. On the District Attorney rests the responsibility to determine whether to prosecute, when to prosecute and on what charges to prosecute.[3] A case is not to be summarily dismissed because the court disagrees with some policy of the District Attorney's office. Although appellee was arrested on a felony charge the District Attorney was not compelled to prosecute on the felony charge. He had the discretion to prosecute for the lesser offense. United States v. Fleming, D.C.App., 215 A.2d 839 (1966). Likewise in the exercise of his "responsible role" the District Attorney may nolle prosse a misdemeanor information and seek a grand jury felony indictment. Epperson v. United States, D.C.Cir., 371 F.2d 956 (January 5, 1967).

When the trial court was presented with an information, valid on its face, charging an offense within the court's jurisdiction, there was "enough to call for trial on the merits." Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 409, 100 L.Ed. 397 (1956). Courts are jealous, and rightly so, of their prerogatives, and for that reason should carefully refrain from encroachment on the prerogatives of another department of the Government.[4]

Reversed with instructions to reinstate the information.

3. Powell v. Katzenbach, 123 U.S.App.D.C. 250, 359 F.2d 234, cert. denied, 384 U.S. 906, 86 S.Ct. 1341, 16 L.Ed.2d 359 (1966); District of Columbia v. Buckley, 75 U.S.App.D.C. 301, 128 F.2d 17, cert. denied, 317 U.S. 658, 63 S.Ct. 57, 87 L. Ed. 529 (1942); United States v. Cox, 342 F.2d 167 (5th Cir.), cert. denied, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965); United States v. Brokaw, D.C. S.D. Illinois, N.D., 60 F.Supp. 100 (1945);

Hassan v. Magistrates Court of City of New York, 20 Misc.2d 509, 191 N.Y.S.2d 238; appeal dismissed, 10 A.D.2d 908, 202 N.Y.S.2d 1002, motion for leave to appeal dismissed 8 N.Y.2d 705, 201 N.Y.S.2d 1025, 167 N.E.2d 650; 8 N.Y.2d 750, 201 N.Y.S.2d 765, 168 N.E.2d 102, cert. denied, 364 U.S. 844, 81 S.Ct. 86, 5 L.Ed.2d 68 (1960).

4. See United States v. Foster, D.C.App., 226 A.2d 164, decided this day.