# HUNTER v. STATE OF MARYLAND

[No. 419, September Term, 1970.]

*Decided July 1, 1971.*

*Motion for rehearing filed June 10, 1971; order filed withdrawing opinion June 25, 1971.*

18

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, SINGLEY and SMITH, JJ.

*Alan M. Wilner* for appellant.

*Alfred J. O'Ferrall, III, Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for appellee.

PER CURIAM.

This Court on December 15, 1970, 260 Md. 720, 271, A. 2d 531, granted a Writ of Certiorari in the present case directed to the Court of Special Appeals, the opinion of that court having been filed, *sub nom, State v. Hunter,* on October 28, 1970, and reported at 10 Md. App. 300, 270 A. 2d 343.

We filed an opinion in the case on May 12, 1971. In a petition for rehearing filed June 10, 1971, we were advised that subsequent to the grant of certiorari, the Court of Special Appeals on January 29, 1971, in *Greene v. State,* 11 Md. App. 106, 273 A. 2d 830—following the decision of the United States District Court for the District of Maryland in *Long v. Robinson,* 316 F. Supp. 22 (*aff'd* C.A. 4, 436 F. 2d 1116)—held, in essence, that persons who were between 16 and 18 years of age when the alleged crime was committed and who were previously convicted as adults in the Criminal Court of Baltimore in cases not finally decided on May 15, 1969, were to have their cases remanded to the Juvenile Court for a determination of whether or not jurisdiction should be waived, unless jurisdiction had been previously waived by the Juvenile Court. The case of the appellant, Hunter, is within the class of cases which should have been remanded to the Juvenile Court so that the determination by the Court of Special Appeals and by us of the various issues raised on appeal was prematurely determined prior to a remand to the Juvenile Court for the determination already mentioned. Inasmuch as the Court of Spe-

cial Appeals remanded the case to the Criminal Court of Baltimore for further proceedings, we have concluded that the Writ of Certiorari granted by us in the instant case was improvidently granted. We passed an order on June 25, 1971, withdrawing our opinion filed on May 12, 1971.

Our action in rescinding the Writ of Certiorari, however, should not be understood to indicate, inferentially or otherwise, our approval of any of the holdings of the Court of Special Appeals in the present case, as set forth in *State v. Hunter,* 10 Md. App. 300, 270 A. 2d 343, *supra,* we preferring to consider those holdings, *de novo,* when, as and if the present case should again be presented to us.

> *Order of December 15, 1970, granting certiorari is rescinded as improvidently granted, and case remanded to the Court of Special Appeals for remand to the Criminal Court of Baltimore for further remand to the Juvenile Court for making the determination mentioned in this opinion and for further proceedings thereafter in regular course.*