## STATE OF MARYLAND *v.* LARRY LAMONT SIMMS

[No. 99, September Term, 1971.]

*Decided October 20, 1971.*

The cause was argued before MURPHY, C. J., and ORTH and MOYLAN, JJ.

*James F. Truitt, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Edmond B. O'Connell, Assistant State's At-*

*torney for Prince George's County,* on the brief for appellant.

*William R. Kearney* for appellee.

MURPHY, C. J., delivered the opinion of the Court.

On January 13, 1971 appellee Simms was incarcerated on charges of homicide and armed robbery. At a hearing held on January 15, 1971 before the People's Court for Prince George's County, the date of January 21, 1971 was set for appellee's preliminary hearing. On that date, the State requested a continuance to secure the attendance of a witness. The continuance was granted until January 28, 1971. On that date the State requested a further postponement on the ground that one of its witnesses was ill. The postponement was again granted to February 4, 1971, apparently on representations made by the prosecutor that the Grand Jury would not meet before that date and appellee would be afforded a preliminary hearing. The Grand Jury did, however, meet on February 2, 1971 and appellant was indicted for the offenses. On February 4 appellee was arraigned, at which time he moved to dismiss the indictment for failure to hold a preliminary hearing. A hearing was held on February 23, 1971 on the appellee's motion to dismiss, at the conclusion of which the court indicated that it would grant the motion unless the State afforded the appellee a preliminary hearing within thirty days. The preliminary hearing not being afforded within this period, the court granted appellee's motion to dismiss on April 5 and ordered the appellee released. The State promptly appealed.

The basic purpose of the preliminary hearing is to determine whether to hold the accused for the action of the Grand Jury. *Kochel v. State,* 10 Md. App. 11, and cases cited at page 13. And we have consistently held that a preliminary hearing is not required in Maryland, and that the Supreme Court's decision in *Coleman v. Alabama,* 399 U. S. 1, 90 S. Ct. 1999, does not compel a con-

trary holding. See *Gerstein v. State,* 10 Md. App. 322; *Billings v. State,* 10 Md. App. 31; *Clemons v. State,* 9 Md. App. 127; *Coleman v. State,* 8 Md. App. 65. As no proper purpose would be served by holding a preliminary hearing after a Grand Jury indictment has been returned, dismissal of the indictment for failure to hold such hearing is obviously improper.

Appellee claims that even if the court erred in dismissing the indictment, the State had no right to appeal. We disagree. In *State v. Hunter,* 10 Md. App. 300, we held that Maryland Code, Article 5, Section 14, granting the State a right to appeal from a judgment granting a motion to dismiss meant precisely what it said and was not limited to cases where the dismissal was based on the legal insufficiency of the indictment. Appellee claims that the Court of Appeals of Maryland overruled our *Hunter* decision in an opinion filed on May 12, 1971. That opinion was, however, withdrawn by the Court of Appeals on July 1, 1971, *Hunter v. State,* 263 Md. 17, 278 A. 2d 608, so that unless and until changed our decision in *Hunter* remains controlling.

> *Order dismissing indictment reversed; indictment reinstated and case remanded for trial; appellee to pay costs. Mandate to issue forthwith.*