504 A.2d 676
**In re DARRYL D.**

**No. 775, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Feb. 13, 1986.

Certiorari Granted May 23, 1986.

Ronald M. Levitan, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore City and Albert E. Phillips, Asst. State's Atty. for Baltimore City, on brief), Baltimore, for appellant.

Bradford C. Peabody, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellee.

Submitted before WEANT, GARRITY and KARWACKI, JJ.

GARRITY, Judge.

This case arises from the adoption by the Circuit Court for Baltimore City (Mitchell, J.), sitting as a juvenile court, of a master's recommendation that a delinquency petition be dismissed "due to lack of timely prosecution." The

dismissal was the sanction imposed by the master when the prosecutor, who was engaged in the trial of another matter in an adjoining courtroom, failed to go forward with the case at the time set by the master. Because we believe the court erroneously sanctioned the master's recommendation of dismissal, we shall reverse the judgment.

### *Facts*

Following two juvenile petitions charging him with assault, carrying a concealed deadly weapon and carrying a deadly weapon openly with intent to injure, Darryl D. appeared for his adjudication before Juvenile Master Katharyn E. Koshel on the morning of January 11, 1985. According to the master's Proposed Findings of Fact, Conclusions of Law, and Recommendations, filed with the circuit court pursuant to Maryland Rule 911, "all State and defense witnesses, as well as respondent's counsel, were ready for trial at 9:30 a.m." Apparently, the assistant state's attorney, in the words of the master, "popped his head in" the courtroom and told the arresting officer, "he'd be right back and disappeared without any courtesy to any of these ... 11 people in this courtroom, this Master included."

After "other scheduled matters were resolved," the master conducted a search for the assistant state's attorney. Upon finding him engaged in another trial, the master left a message for the prosecutor "to contact my court immediately upon concluding the matter."

At 11:15 a.m., the master returned to the court in which she had originally found the assistant state's attorney. She found him still there on another matter, and left a message that she "was dismissing Darryl D.'s case if it did not start by 11:30 a.m." The master thereupon returned to her courtroom and announced her plan.

Finally alerted to the scheduling conflict, the State's Attorney's Office sent another assistant to Master Koshel's courtroom to prosecute the matters. Upon her arrival, the

attorney briefly interviewed the witnesses, announced that the State was prepared to proceed, and at 11:45 a.m. called the two petitions for trial. Over objection, the master dismissed the petitions for "lack of timely prosecution."

Master Koshel pointed out to the prosecutor that Darryl D. was being represented by "private counsel" and that "this has about ruined his morning. He has another matter in the afternoon. It's past quarter to twelve and I'm not going to hear this case which obviously would not conclude before 12:30 at this time. So I am dismissing it for lack of timely prosecution...." [1]

The State filed exceptions to the master's recommendation. Upon review of the record, the court denied the exceptions and adopted the recommendation of the master to dismiss the petitions.

### Discussion of Law

The State argues that neither the master nor the court had authority to dismiss the juvenile petitions alleging delinquency.

The State principally relies on *State v. Hunter*, 10 Md. App. 300, 270 A.2d 343 (1970). In *Hunter*, at a pretrial meeting in the judge's chambers, the prosecutor explained that he was not prepared to go to trial on indictments charging Hunter with storehouse breaking and larceny because three of the police witnesses had yet to appear. The prosecutor claimed that each had received a summons. The judge returned to the bench to issue bench warrants but, upon making further inquiry, learned that no summons had been issued. As our predecessors on this court noted, it was unclear whether the prosecutor chose not to go forward or whether the trial judge called the case. In any

---

**1.** The master apparently received comment from some witnesses after the dismissal of the petitions. She then fashioned an Order prohibiting Darryl D. from having any contact with his alleged victims or their school.

event, the trial judge dismissed the indictments for lack of prosecution.

This court held that a trial judge does not "possess power under the present state of law in Maryland, either inherently or by statute or rule of court, to summarily dismiss a valid indictment prior to trial over the State's Attorney's objection upon the ground that there has been a 'lack of prosecution' not amounting to the denial of the constitutional right to a speedy trial." 10 Md.App. 304, 270 A.2d 343.[2]

As the State correctly points out, neither *Hunter*, nor the case *sub judice* was dismissed on speedy trial grounds. *Cf., State v. Lawless*, 13 Md.App. 220, 283 A.2d 160 (1971). Nor is this case one falling within the Maryland statute and rule requiring the prompt prosecution of criminal matters and the line of cases flowing from them. *See* Md.Code Art. 27, § 591; Md.Rule 746; *see also, e.g., Pennington v. State*, 299 Md. 23, 472 A.2d 447 (1984); *Carey v. State*, 299 Md. 17, 472 A.2d 444 (1984); *State v. Frazier*, 298 Md. 422, 470 A.2d 1269 (1984); *Goins v. State*, 293 Md. 97, 442 A.2d 550 (1982). There is a similar requirement applicable to juvenile petitions. Md.Rule 914. In this case the master decided she was dismissing the matter solely because it was called for trial fifteen minutes beyond her arbitrary deadline which was designed to complete the case in sufficient time so as not to inconvenience "private counsel."

As Judge Smith observed on behalf of the Court of Appeals in *In Re Dewayne H.*, 290 Md. 401, 402, fn. 1, 430 A.2d 76:

It must not be forgotten that, as we said in *Matter of Anderson*, 272 Md. 85, 106, 321 A.2d 516, *appeal dismissed*, 419 U.S. 809 [95 S.Ct. 21, 42 L.Ed.2d 35] (1974),

---

**2.** This decision was initially reversed by the Court of Appeals but it withdrew its opinion as a result of a collateral matter. (*See Hunter v. State*, 263 Md. 17, 278 A.2d 608 (1971) wherein Court remanded to juvenile court on basis that Hunter had been tried as adult without having been waived.)

*cert. denied,* 421 U.S. 1000 [95 S.Ct. 2399, 44 L.Ed.2d 667] (1975), "[A] master is a ministerial officer, and not a judicial officer.... [H]e is entrusted with no part of the judicial power of this State...."

Indeed, the present statute, Maryland Code (1974, 1980 Repl.Vol.) § 3–813(b), Courts and Judicial Proceedings Article, authorizes a master "to conduct hearings," but declares in § 3–813(d) that: "The proposals and recommendations of a master for juvenile causes do not constitute orders or final action of the court...."

On the other hand, § 3–812(b) provides that, "Petitions alleging delinquency ... shall be prepared and filed by the State's Attorney.... All other petitions shall be prepared and filed by the intake officer." *See United States v. Ramapuram,* 432 F.Supp. 140 (D.Md.1977) aff'd, 577 F.2d 738 (4th Cir.1978) cert. denied, 439 U.S. 926, 99 S.Ct. 309, 58 L.Ed.2d 318 (1976) (holding that the State's Attorney in Maryland has discretion to proceed with a petition alleging delinquency and that this discretion operates independently of the courts).

Most importantly in relation to the case *sub judice,* § 3–812(d) provides that, "the State's Attorney, upon assigning his reasons, may dismiss in open court a petition alleging delinquency."

The relationship between the Office of State's Attorney and the judiciary is the same in a juvenile matter as in a criminal proceeding. What we said about that relationship in *Hunter* is equally applicable here:

> For present purposes, we note only that the office of State's Attorney is not a branch of the judiciary, nor is it directly subject to its supervision. *See United States v. Shaw,* 226 A.2d 366 (Dist.Ct.App.D.C. [1967]). Under the Constitution and laws of Maryland, the State's Attorney is a constitutional officer elected by the people and entrusted by them with the prosecution of persons accused

of crime. The office is one of great dignity and commands great respect.

As we noted in *State v. Lawless,* 13 Md.App. at 241, 283 A.2d 160, *Hunter* recognizes that the court's authority to dismiss criminal charges for speedy trial violations does not extend its power to dismiss for " 'mere unnecessary delay' or 'in furtherance of justice.' "

In *State v. Frazier,* 298 Md. 422, 457, 470 A.2d 1269 (1981) the Court of Appeals recognized the shortages of judges, prosecutors, public defenders, etc., which are due to limited public resources. That decision also noted that the efficient administration of justice may require that cases be deliberately overscheduled. 298 Md. at 432, 470 A.2d 1269. Obviously, prosecutors do not and can not have only one case scheduled per day. It is, therefore, inevitable that occasionally situations will arise when a prosecutor is trying a case in one court and another judge is also expecting him/her to try a case. That is what happened here, and the State's Attorney's Office arranged for a substitute when it was notified by the master of the scheduling conflict. Unfortunately, the attorney originally assigned to prosecute the matter apparently neglected to advise his office of the situation.

We hold that the circuit court, sitting as a juvenile court, may not under our juvenile code or under our rules governing juvenile proceedings dismiss summarily a valid petition alleging delinquency, over the State's Attorney's objection and prior to an adjudicatory hearing, upon the ground that there has been a lack of prosecution not amounting to the denial of a constitutional right to a speedy trial or the violation of a mandatory period of limitation. (*See In re James S.,* 286 Md. 702, 410 A.2d 586 (1980), and *United States v. Rankin,* 779 F.2d 956 (3rd Cir.1986) 38 CrL 2340.)

JUDGMENTS REVERSED.

COSTS TO BE PAID BY APPELLEE.