571 A.2d 1267

**STATE of Maryland**

v.

**Nelson GONZALES.**

**No. 1220, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

April 4, 1990.

Mary Ellen Barbera, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and William R. Hymes, State's Atty. for Howard County, Ellicott City, on the brief), for appellant.

John L. Kopolow, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellee.

Argued before BLOOM, WENNER and CATHELL, JJ.

CATHELL, Judge.

The State appeals the trial court's granting of appellee's motion to dismiss. As we interpret the appellant's position, it argues:

1. That if the trial court dismissed the case under Rule 4–271 and Article 27, Section 541 it was without authority to do so in that a "good cause" postponement had theretofore properly been granted.

2. That if the trial court dismissed the case because of the State's lack of prompt prosecution it was likewise without sufficient authority.

## Facts

The docket entries reflect an entry on 5 June 1989 which states "Case pp due to lack of judicial resources. Good

cause found. Reset notice 8–16–89 signed (Judge Kane)."[1] On 16 August 1989 the docket entries reflect that the defendant filed a "Motion to dismiss for lack of speedy trial (Bernhardt, Esq.)." However the actual motion filed by Gonzales was a motion to dismiss for violation of Maryland Rule 4–271, not a general speedy trial motion to dismiss.

On the 16th of August, the date of trial, the State informed the trial court that they had a minor problem in that their chemist was on vacation and, accordingly, requested a two-week postponement. The State also informed the trial court of the prior "good cause" postponement. Appellee's counsel informed the trial court that he had filed a "motion to dismiss for violation of the hundred and eighty day rule." (Maryland Rule 4–271 motion) Appellee's counsel then informed the trial court that he did not think he could litigate his motion to dismiss because the State had failed to produce his client.[2]

The trial court inquired of the State as to why they had not produced the defendant, and the State responded that it did not know. Appellant then opposed appellee's motion to dismiss, pointing out to the trial court that:

> We're at this point past the hundred and eighty days with the finding of good cause by the Court to postpone past the hundred and eighty day mark. So I ... I don't believe ... there [are] any grounds for that motion or any grounds for which the Court could dismiss this case for failure to bring the defendant to trial in a hundred and eighty days. In light of—

The court asked: "Why isn't he here today?" The State responded, "Your Honor, he's not here because he wasn't writted [sic]. And why he wasn't writted [sic] I have no

---

1. The motion was granted within 180 days. There were prior motions, including postponement motions, that do not concern us in our review. Judge Kane was not the trial judge.

2. Gonzales was then in the custody of the State, apparently incarcerated on these or other charges.

idea." The court then granted appellee's motion to dismiss saying:

> [T]he Court will grant your motion to dismiss as to Mr. Gonzales.[3] The only way to put an end to problems is to put a cure to it and that is to grant a motion to dismiss. The next time the State will check the files before the trial [and] make sure writs are issued.

### 1. Maryland Rule 4–271 [4]

In the present case the trial judge made absolutely no review of the postponement of 5 June. Other than the docket entry, there is nothing in the record to review. We said in *State v. Green*, 54 Md.App. 260, 266, 458 A.2d 487 (1983):

> The resolution of what constitutes good cause is a discretionary decision within the power of the administrative judge [or his designee] and carries a presumption of validity.

> \* \* \* \* \* \*

> The review to be undertaken by the trial judge should be similar to that undertaken by an appellate court, *i.e.*, was there an abuse of discretion by the administrative judge? [citations omitted]

The Court of Appeals in *State v. Toney*, 315 Md. 122, 129–30, 553 A.2d 696 (1989), in discussing *State v. Frazier*, 298 Md. 422, 470 A.2d 1269 (1984), stated:

> Nevertheless, we found that § 591 and Rule 4–271 exhibited a legislative intent which contravened this general rule ... and that the trial judge, in ruling on a motion to dismiss, is not authorized to reverse the administrative judge's finding of good cause absent a clear showing of

---

**3.** Gonzales' only motion to dismiss was the Maryland Rule 4–271 motion.

**4.** While appellee points out in his brief that the docket entries do not indicate that the June 5 postponement was granted by an administrative judge or his designee, he has made no direct attack on appeal as to the authority of Judge Kane to grant that postponement.

abuse of discretion.... We also noted that the trial judge's role in entertaining a motion to dismiss under § 591 and Rule 4–271 is a limited one because the statute and the Rule have "deprived [the trial judge] of the authority to exercise independent judgment concerning good cause for postponement." [citations omitted]

*See also Wright v. State,* 68 Md.App. 637, 515 A.2d 477 (1986).

To the extent that, *and if,* the trial judge, in granting appellees Rule 4–271 motion to dismiss, made a determination that the judge granting the postponement abused his discretion, he committed clear error in that there was no evidence upon which that decision could have been based. Accordingly, we hold that the granting of appellee's motion to dismiss by the trial court must be reversed if it was based on Maryland Rule 4–271.

### 2. "Lack of prompt prosecution"

■ Speaking for this Court in *State v. Hunter,* 10 Md.App. 300, 270 A.2d 343 (1970), Chief Judge Murphy, now Chief Judge of the Court of Appeals, stated:

> Nor does a trial judge possess power under the present state of Maryland law, either inherently or by statute or rule of court, to summarily dismiss a valid indictment prior to trial over the State's Attorney's objection upon the ground that there has been a "lack of prosecution" not amounting to the denial of the constitutional right to a speedy trial.... [T]he law of Maryland, while recognizing the denial of the constitutional right to a speedy trial as a valid ground for the court's dismissal of an indictment, does not countenance such a dismissal upon the court's own motion for mere "unnecessary delay" or "in furtherance of justice." [5]

---

**5.** Maryland Rule 4–271 (the "Hicks Rule") and Maryland Code (1987 Repl.Vol.), Art. 27, § 591 now provide additional time restrictions within which a defendant must be brought to trial. Art. 27, § 591 was enacted in 1971.

[T]o dismiss a valid indictment of a grand jury prior to trial as a means to evidence the court's dissatisfaction with the prosecutor's pretrial performance, and particularly his failure to properly summons State witnesses, is simply not an appropriate sanction to be applied in such circumstances.

*Hunter* at 304–05, 270 A.2d 343 (citation omitted).

We note, however, that in rescinding its writ of certiorari, the Court of Appeals in *Hunter v. State,* 263 Md. 17, 19, 278 A.2d 608 (1971), stated:

Our action in rescinding the Writ of Certiorari, however, should not be understood to indicate, inferentially or otherwise, our approval of any of the holdings of the Court of Special Appeals in the present case, as set forth in *State v. Hunter,* 10 Md.App. 300, 270 A.2d 343, *supra,* we preferring to consider those holdings, *de novo,* when, as and if the present case should again be presented to us.

The appellee in *State v. Simms,* 13 Md.App. 203, 282 A.2d 533 (1971), asserted that one of our holdings in *Hunter, i.e.,* that the State had the right to appeal a trial court's dismissal, had been overruled by the Court of Appeals. We noted that the Court of Appeals' opinion in *Hunter* had been withdrawn, and responded, "that unless and until changed our decision in *Hunter* remains controlling." *Id.* at 205, 282 A.2d 533.

We cited our *Hunter* decision in *State v. Lawless,* 13 Md.App. 220, 241, 283 A.2d 160 (1971), where quoting from *Hunter* we reiterated that " 'the law of Maryland ... does not countenance such a dismissal upon the court's own motion for mere "unnecessary delay" or "in furtherance of justice." ' "

More recently, we revisited *Hunter, supra,* in the juvenile case of *In re Darryl D.,* 66 Md.App. 434, 439–40, 504 A.2d 676 (1986), where we stated:

The relationship between the Office of State's Attorney and the judiciary is the same in a juvenile matter as in a

criminal proceeding. What we said about that relationship in *Hunter,* is equally applicable here:

> For present purposes, we note only that the office of State's Attorney is not a branch of the judiciary, nor is it directly subject to its supervision. *See United States v. Shaw,* 226 A.2d 366 (Dist.Ct.App.D.C. [1967]). Under the Constitution and laws of Maryland, the State's Attorney is a constitutional officer elected by the people and entrusted by them with the prosecution of persons accused of crime. The office is one of great dignity and commands great respect.
>
> As we noted in *State v. Lawless,* 13 Md.App. at 241, 283 A.2d 160, *Hunter* recognizes that the court's authority to dismiss criminal charges for speedy trial violations does not extend its power to dismiss for " 'mere unnecessary delay' or 'in furtherance of justice.' "

We ultimately held in *In re Darryl D.* that:

> [T]he circuit court, sitting as a juvenile court, may not under our juvenile code or under our rules governing juvenile proceedings dismiss summarily a valid petition alleging delinquency, over the State's Attorney's objection and prior to an adjudicatory hearing, upon the ground that there has been a lack of prosecution not amounting to the denial of a constitutional right to a speedy trial or the violation of a mandatory period of limitation.

*In re Darryl D., supra* at 440, 504 A.2d 676 (citations omitted).

In *Daff v. State,* 317 Md. 678, 686, 566 A.2d 120 (1989), the Court of Appeals stated: "[T]his Court has never held that a trial judge in this State has the authority, in the absence of a violation of Rule 4–271 or a violation of a constitutional guarantee of a speedy trial, to dismiss a criminal case for lack of prosecution." In *Daff,* the Court of Appeals again reiterated that, in its rescinding of the writ of certiorari in *Hunter,* it was not necessarily adopting our holding in that case. Nevertheless, as we stated in

reference to *Hunter's* holding that the State may appeal the granting of a defendant's motion to dismiss, "unless and until changed our decision in *Hunter* remains controlling." We decline to change that holding absent direction from the Court of Appeals or the Legislature. In so declining, we note that there have been, in our view, opportunities subsequent to our holding in *Hunter* for the Court of Appeals to address this issue.

We thus hold, as we held in *Hunter*, that the trial court in the case at bar was without authority to dismiss the indictment against Gonzales for lack of prompt prosecution.

Accordingly, there being no basis upon which the trial court could have appropriately dismissed the indictment, we shall reverse.

JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR HOWARD COUNTY FOR TRIAL; COSTS TO BE PAID BY APPELLEE.