585 A.2d 222

Nelson GONZALES

v.

STATE of Maryland.

No. 64, Sept. Term, 1990.

Court of Appeals of Maryland.

Feb. 8, 1991.

John L. Kopolow, Asst. Public Defender (Stephen E. Harris, Public Defender, both on brief), Baltimore, for petitioner.

Mary Ellen Barbera, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., ELDRIDGE, RODOWSKY, McAULIFFE and CHASANOW, JJ., and CHARLES E. ORTH, Jr. and MARVIN H. SMITH, Associate Judges of the Court of Appeals (retired), Specially Assigned.

CHARLES E. ORTH, Jr., Judge, Specially Assigned.

The Circuit Court for Howard County dismissed the indictment which charged Nelson Gonzales with various violations of the controlled dangerous substances laws. The Court of Special Appeals reinstated the indictment on appeal by the State. *State v. Gonzales*, 82 Md.App. 411, 571 A.2d 1267 (1990). Gonzales sought and obtained from us a writ of certiorari. We are asked to review the propriety of the dismissal of the indictment.

## I.

The indictment was handed down on 15 December 1988. It was dismissed on 16 August 1989. In pre-trial maneuvering by Gonzales, he filed three motions which could lead to dismissal:

1) On 22 December 1988 Gonzales filed a motion demanding a speedy trial.

2) The same day he filed a motion to dismiss the indictment, which included as reasons, "(a) any defect in the institution of the prosecution; (b) any defect in said charging document, and/or (c) improper venue."

3) On 16 August 1989 he filed a motion to dismiss the indictment and gave as reason that "[t]his matter is scheduled for trial on a date beyond the 180th day in violation of Maryland Rule 4–271."

### A.

Gonzales never pursued motions one and two. They were not tried and decided by the trial court, and we have no need now to address them. Md. Rule 8–131(a).

### B.

The third motion was presented squarely to the trial judge who dismissed the indictment.[1] We give a compendium of the events leading to the dismissal of the indictment as gleaned from the record and from the transcript of the proceedings at which the motion was considered. There were three attempts to bring Gonzales to trial. All were aborted. The initial trial date was 12 April 1989. The day before the trial, the Assistant State's Attorney filed a request for postponement "in the interest of justice." He represented that the State was informed on 10 April that Gonzales was currently incarcerated in the Frederick County Detention Center, and he alleged that "there is insuffi-

---

1. The clerk docketed the third motion on 16 August 1989. The docket entry characterized it as a "Motion to dismiss for lack of a Speedy Trial." This was incorrect. On its face, the motion did not claim a violation of the constitutional guarantee of a speedy trial, but was founded on an alleged failure to comply with what is commonly known as the "Hicks Rule," in reference to *State v. Hicks*, 285 Md. 310, 403 A.2d 356, *on motion for reconsideration*, 285 Md. 334, 403 A.2d 368 (1979). *Hicks* construed Md.Code (1957, 1987 Repl.Vol.) Art. 27, § 591 and Md. Rule 4–271 which implemented the statute.

cient time to issue a Writ for the defendant's appearance on April 12, 1989." The request was granted, and trial was reset for 5 June 1989. On 20 April the State filed a motion to consolidate for trial Gonzales' indictment with those of two co-defendants, Antoine M. Walker and Vincent I. Prentice. Gonzales objected, but at a hearing on the motion on 18 May Gonzales was not brought into court. His counsel's request that the matter be continued until 5 June, the day of trial, was granted. Gonzales was brought into court on 5 June, but the trial was again postponed. The docket entry reads:

Case pp due to lack of judicial resources. Good Cause found. Reset notice 8–16–89 signed (Judge Kane).

As we have seen, Gonzales then filed a motion to dismiss the indictment and for reason stated:

This matter is scheduled for trial on a date beyond the 180th day in violation of Maryland Rule 4–271.

The Clerk docketed the motion as filed on 16 August, the day set for trial. When the case was called on that day, the Assistant State's Attorney informed the judge that Gonzales was not present. He indicated that the State had another "minor problem." The chemist summoned to testify for the State, whose appearance had been demanded by Gonzales, was on vacation. The prosecutor said:

I have not brought her back at this point. I suppose it would be possible but I hesitate doing that in that we did bring her in one day last week and she sat all day as part of her vacation. I have had some discussions with defense counsel. I'm not sure where all of them stand at this point. What I would be suggesting if there could be no agreement as to the chemist's analysis that the motions be heard in this case and that the trial be postponed for about two weeks until we could have [the chemist] back. That is preliminarily where uh this case is.

The judge, obviously hopeful that something could be accomplished that day, asked about the motion to consolidate the indictments. Gonzales' counsel said that he was against the consolidation but that, in any event, he could not

proceed without the presence of Gonzales. Walker's counsel said that he objected to consolidation. Prentice's counsel said he was for consolidation but that he "need[ed] Mr. Gonzales here." Upon inquiry by the judge, the prosecutor informed him that all three of the cases were "past the hundred and eighty day [period]" but that a "good cause postponement was granted past a hundred and eighty days." Gonzales' counsel brought up his motion to dismiss:

[Y]esterday, I filed with the Clerk of the Circuit Court for Howard County a motion to dismiss for violation of the hundred and eighty day rule. When this matter was postponed on June the fifth, 1989, I objected on behalf of Mr. Gonzales who was present in Court at that time—was brought in by Frederick County on that date. We did object and the case was continued beyond the hundred and eightieth day despite our objection. And once again I feel I can't litigate my motion without the presence of my client.

He repeated:

Your Honor, I do not think I can litigate my motion to dismiss for violation of the hundred and eighty day rule due to the fact that the State of Maryland failed to produce my client for trial today. It's a critical stage in the proceedings and I feel that Mr. Gonzales not only has a right to be here but should be here.

The judge said that he understood. Gonzales' counsel emphasized that Gonzales was in court on 5 June 1989, the last prior trial date. He noted that "Mr. Gonzales has been in Frederick County Detention Center for a significant period of time." He declared that "certainly all parties knew about that." The judge observed that Gonzales "was produced here [on 5 June 1989] pursuant to the issuance of a writ," and asked the prosecutor, "Why wasn't a writ issued for today?" The Assistant State's Attorney said:

I do not know. Our office was aware of where Mr. Gonzales was as well as the Clerk's Office. . . . So I can't answer that.

The judge gave the prosecutor the opportunity to state his position on Gonzales' motion to dismiss. The response was:

Your Honor, I don't believe that motion should be granted. We're at this point past the hundred and eighty days with the finding of good cause by the Court to postpone past the hundred and eighty day mark. So I ... I don't believe that uh, that that motion has uh, there any grounds for that motion or any grounds for which the Court could dismiss this case for failure to bring the defendant to trial in a hundred and eighty days. In light of—

The judge interrupted, "Why isn't he here today?" The prosecutor confessed:

Your Honor, he's not here because he wasn't writted. And why he wasn't writted I have no idea.

At this point, the judge apparently could not countenance more. He granted the motion to dismiss as to Gonzales. He declared:

The only way to put an end to problems is to put a cure to it and that is to grant a motion to dismiss. The next time the State will check the files before the trial [and] make sure writs are issued.

## II.

The Court of Special Appeals was unable to put its finger on the precise reason why the trial judge dismissed the indictment. The motion which the judge granted concerned only the Hicks Rule. On the other hand, considering the history of the abortive attempts to bring Gonzales to trial, the part the State played therein, the explanations of the prosecutor, and the observations and comments of the trial judge, the dismissal may well be deemed to have been provoked by a lack of prompt prosecution. The Court of Special Appeals concluded that whether the dismissal was for violation of the Hicks Rule or for lack of prompt

prosecution in exercise of an inherent power in the court, the trial judge erred. *State v. Gonzales*, 82 Md.App. at 418, 571 A.2d 1267.

## A.

■ The intermediate appellate court, looking to our opinions on the matter, determined that Gonzales had not demonstrated that the Hicks Rule had been violated. *Id.* at 414–415, 571 A.2d 1267.[2] It held:

---

2. Md.Code (1957, 1987 Repl.Vol.) Art. 27, § 591 provides:
 (a) The date for trial of a criminal matter in a circuit court:
 (1) Shall be set within 30 days after the earlier of:
 (i) The appearance of counsel; or
 (ii) The first appearance of the defendant before the circuit court, as provided in the Maryland Rules; and
 (2) May not be later than 180 days after the earlier of those events.
 (b) On motion of a party or on the court's initiative and for good cause shown, a county administrative judge or a designee of that judge may grant a change of the circuit court trial date.
 (c) The Court of Appeals may adopt additional rules of practice and procedure for the implementation of this section in circuit courts.
 We implemented the statute by adopting what is now Rule 4–271, formerly Rule 746 and Rule 740. Paragraph (a)(1) reads, as it now stands in part here relevant:
 The date for trial in the circuit court shall be set within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the circuit court pursuant to Rule 4–213, and shall be not later than 180 days after the earlier of those events. . . . On motion of a party, or on the court's initiative, and for good cause shown, the county administrative judge or that judge's designee may grant a change of a circuit court trial date.
 These prescriptions, brief as they are, have conceived a cornucopia of litigation, which called upon us to interpret, construe, and apply the requirements of the statute and the Rule. Starting with *Hicks*, 285 Md. 310, 403 A.2d 356, we have plowed the field in which the Hicks Rule sprouted on a number of occasions, fleshing out its provisions. *See*, for example, *Goins v. State*, 293 Md. 97, 442 A.2d 550 (1982); *State v. Frazier*, 298 Md. 422, 470 A.2d 1269 (1984); *Satchell v. State*, 299 Md. 42, 472 A.2d 457 (1984); *State v. Harris*, 299 Md. 63, 472 A.2d 467 (1984); *Green v. State*, 299 Md. 72, 472 A.2d 472 (1984); *State v. Glenn*, 299 Md. 464, 474 A.2d 509 (1984); *State v. Brown*, 307 Md. 651, 516 A.2d 965 (1986); *Rosenbach v. State*, 314 Md. 473, 551 A.2d 460 (1989); *State v. Toney*, 315 Md. 122, 553 A.2d 696 (1989); *Capers v. State*, 317 Md. 513, 565 A.2d 331 (1989).

[T]he granting of [Gonzales'] motion to dismiss by the trial court must be reversed if it was based on Maryland Rule 4–271.

82 Md.App. at 415, 571 A.2d 1267. Gonzales was obviously persuaded by the reasoning of the Court of Special Appeals. He did not challenge this holding. The Hicks Rule was not raised in his petition for a writ of certiorari, nor was it presented in our order granting the writ. Consequently, the issue is not before us, and we need not address it. *Maus v. State,* 311 Md. 85, 106, 532 A.2d 1066 (1987); *Allgood v. State,* 309 Md. 58, 82, 522 A.2d 917 (1987); Md. Rule 8–131(b)(1).

## B.

The Court of Special Appeals also held that

the trial court in the case at bar was without authority to dismiss the indictment against Gonzales for lack of prompt prosecution.

82 Md.App. at 418, 571 A.2d 1267. Gonzales does not accept this holding.[3] He opines that, at the common law, a trial judge enjoys the inherent power to dismiss an indictment for lack of prosecution. He concedes that the exercise of the power is within the sound discretion of the judge. And, he posits, that on the facts and circumstances of this case, the dismissal of the indictment represented a sound exercise of that discretion.

---

**3.** Gonzales' petition for a writ of certiorari presented the sole question:

Does a trial judge have the power to dismiss an indictment for lack of prosecution and was that power properly invoked in this case?

In his brief, Gonzales departs from the phrasing used in his petition and slants the question thus:

Did the trial court properly exercise its inherent, discretionary power to dismiss [Gonzales'] indictment for lack of prosecution?

The State puts it this way:

Did the trial court err in dismissing the indictment for lack of prompt prosecution?

(1)

The Court of Special Appeals reached its determination that the trial court was without authority under an inherent power to dismiss the indictment by reliance on its *State v. Hunter,* 10 Md.App. 300, 270 A.2d 343 (1970), *cert. granted,* 260 Md. 720, 271 A.2d 531 (1970), *cert. rescinded as improvidently granted, Hunter v. State,* 263 Md. 17, 278 A.2d 608 (1971). *Hunter* declared that a trial judge does not

> possess power under the present state of Maryland law, either inherently or by statute or rule of court, to summarily dismiss a valid indictment prior to trial over the State's Attorney's objection upon the ground that there has been a "lack of prosecution" not amounting to the denial of the constitutional right to a speedy trial.

*Id.* 10 Md.App. at 304, 270 A.2d 343. It stated:

> [T]he law of Maryland, while recognizing the denial of the constitutional right to a speedy trial as a valid ground for the court's dismissal of an indictment, does not countenance such a dismissal upon the court's own motion for mere "unnecessary delay" or "in furtherance of justice."

*Id.* at 304–305, 270 A.2d 343. It held that the dismissal of the indictments in that case "was an action beyond the power of the [trial] court." *Id.* at 305, 270 A.2d 343.

This Court warned, in rescinding its issuance of a writ of certiorari as improvidently granted because of other developments in the case:

> Our action in rescinding the Writ of Certiorari, however, should not be understood to indicate, inferentially or otherwise, our approval of any of the holdings of the Court of Special Appeals in the present case, as set forth in *State v. Hunter,* 10 Md.App. 300, 270 A.2d 343, *supra,* we preferring to consider those holdings, *de novo,* when, as and if the present case should again be presented to us.

*Hunter v. State,* 263 Md. at 19, 278 A.2d 608. *See Daff v. State,* 317 Md. 678, 686–687, 566 A.2d 120 (1989). We noted in *Daff,* at 686, 566 A.2d 120, that

this Court has never held that a trial judge in this State has the authority, in the absence of a violation of Rule 4–271 or a violation of a constitutional guarantee of a speedy trial, to dismiss a criminal case for lack of prosecution.

The Court of Special Appeals, however, opted to abide by the decision in its *Hunter.* It declined "to change that holding absent direction from the Court of Appeals or the Legislature." *State v. Gonzales,* 82 Md.App. at 418, 571 A.2d 1267. *Cf. In re Darryl D.,* 308 Md. 475, 479, 520 A.2d 712 (1987).

Again, we prefer to leave to another day the question whether a trial judge has the inherent power to dismiss an indictment or other charging document for lack of prosecution. We assume, however, for the purpose of decision in this case, but expressly do not decide, that a trial judge is endowed with such power, even though the constitutional right to a speedy trial is not offended and there is no violation of the Hicks Rule.

(2)

We have so pared our review as to leave only the question whether the trial judge abused his discretion in dismissing the indictment. "Precisely what is meant by an abuse of discretion seems not to have been articulated by this Court." *Mathias v. State,* 284 Md. 22, 26, 394 A.2d 292 (1978), *cert. denied,* 441 U.S. 906, 99 S.Ct. 1996, 60 L.Ed.2d 375 (1979). The Court observed in *Lee v. State,* 161 Md. 430, 441, 157 A. 723 (1931), *cert. denied,* 290 U.S. 639, 54 S.Ct. 56, 78 L.Ed. 555 (1933):

> The meaning of discretionary power in a trial court, and the rules governing review of discretionary orders on appeal, have often been stated in vague, loose terms which furnish no exact guidance....[4]

---

**4.** Webster's Third New International Dictionary of the English Language Unabridged (1981) 647 defines "discretion" in the sense here relevant as

Judge Smith, however, speaking for the Court in *Mathias*, pointed out certain bench marks to be found in our opinions. *Id.* 284 Md. at 26–28, 394 A.2d 292. Alembicated, they evince a common guideline. The exercise of discretion is not abused if it is

"done according to the rules of reason and justice, not according to private opinion; according to law, and not humour. It is to be, not arbitrary, vague, and fanciful, but legal and regular. And it must be exercised within the limit, to which an honest man competent to the discharge of his office ought to confine himself."

*Wilhelm v. State*, 272 Md. 404, 438, 326 A.2d 707 (1974), quoting Lord Halsbury, L.C., in *Sharp v. Wakefield* [1891] A.C. 173, 179. Discretion is abused

"if exercised in a harsh, unjust, capricious and arbitrary way."

*Mathias*, 284 Md. at 27, 394 A.2d 292, quoting *Jones v. State*, 185 Md. 481, 489, 45 A.2d 350 (1946).

Gonzales declares that "[t]he State's inept preparation for trial caused the dismissal in this case." He points out, as the prosecutor admitted, that

the latitude of decision within which a court or judge decides questions arising in a particular case not expressly controlled by fixed rules of law according to the circumstances and according to the judgment of the court or judge....

Black's Law Dictionary (5th ed. 1979) 419 states that the terms "judicial and legal discretion"

are applied to the discretionary action of a judge or court, and mean discretion bounded by the rules and principles of law, and not arbitrary, capricious, or unrestrained. It is not the indulgence of a judicial whim, but the exercise of judicial judgment, based on facts and guided by law, or the equitable decision of what is just and proper under the circumstances. It is a legal discretion to be exercised in discerning the course prescribed by law and is not to give effect to the will of the judge, but to that of the law. The exercise of discretion where there are two alternative provisions of law applicable, under either of which court could proceed. A liberty or privilege to decide and act in accordance with what is fair and equitable under the peculiar circumstances of the particular case, guided by the spirit and principles of the law.

[t]he State's Attorney's Office was well aware of [Gonzales'] incarceration at the Frederick County Detention Center. But for reasons unknown to the Assistant State's Attorney it failed to request a writ to have him brought to trial in Howard County.

Gonzales avers:

Even if [Gonzales] had been present, the prosecution was unprepared to prove its case. Its chemist was on vacation, and she was not told to come to court because the prosecutor did not want to impose upon her [even though her presence had been requested by Gonzales].

This is all accurate, but Gonzales concludes:

The trial judge had sound reasons for taking the only action that would spare [Gonzales] additional pretrial delay and alert the State to the risks of such derelictions.

 The propriety of the dismissal of the indictment as an exercise of the trial judge's discretion is to be tested by "what is fair and equitable under the peculiar circumstances of the particular case, guided by the spirit and principles of the law." *See* note 4, *supra.* Therefore, we need not look beyond the circumstances of the case before us. We entertain no doubt of the sincerity of the judge's intentions. We are satisfied that he deemed that the dismissal of the indictment was an equitable decision, just and proper under the circumstances. Nevertheless, on the record before us, we are constrained to conclude that the underlying motivation of the judge was his belief that dismissal of the indictment was necessary to teach the prosecution a lesson so as to deter a prosecutor from coming to trial in the future so unprepared. The judge's comments at the time of the dismissal lend themselves to no other view. It appears that he reacted to the obvious unwarranted failure of the State to come to trial prepared to try the case. He did not explore whether Gonzales could

be haled into court forthwith,[5] or whether the appearance of the chemist could be obtained by a nominal continuance. Of course, the State could not have proceeded to trial without the presence of Gonzales, but it could have exercised its right to enter a *nolle prosequi. Daff,* 317 Md. at 686, 566 A.2d 120. *Daff* noted, at 686 n. 2, 566 A.2d 120, "Ordinarily, the entry of a *nolle prosequi* terminates the running of the 180 day period for trial required by Rule 4–271," citing to *State v. Glenn,* 299 Md. 464, 474 A.2d 509 (1984), and *Curley v. State,* 299 Md. 449, 474 A.2d 502 (1984). The quick action of the trial judge, however, afforded the prosecutor little opportunity to pursue this course. There is no question that the slipshod manner in which this case was handled by the State is not to be tolerated. But we believe that the judge could have found efficacious ways to bring this to the attention of the State short of the extreme sanction of dismissal.

A fair trial is the entitlement of the "People" as well as of an accused. Our system of criminal justice envisages a trial in accord with the law of the land to determine the guilt or innocence of an accused. The State, as the representative of the public, may not be deprived of trying a person duly charged with the commission of a crime merely to teach the prosecutor a lesson for his lack of diligence in pursuing a prosecution, there being no constitutional or statutory rights of an accused to be timely tried involved. A trial judge has the authority, of course, to control his docket. *See Daff,* 317 Md. at 687, 566 A.2d 120. But, we think that the action of the trial judge here went beyond that authority. We believe that, in the peculiar circumstances of this particular case, the dismissal of the indictment did not meet the test for a sound exercise of judicial discretion. We find it to be more according to humor than law; more arbitrary than legal; more harsh than just; more

---

5. The trial judge said at one point in the proceedings that the failure of the State to produce Gonzales for trial was "a minor impediment." A fair interpretation of this remark is that the judge believed that the appearance of Gonzales could be readily obtained.

capricious than abiding by the rules of reason. As Chief Judge Murphy said for the court in *State v. Hunter*, 10 Md.App. at 305, 270 A.2d 343:

> In any event, to dismiss a valid indictment of a grand jury prior to trial as a means to evidence the court's dissatisfaction with the prosecutor's pretrial performance, and particularly his failure to properly summons State witnesses [or the defendant], is simply not an appropriate sanction to be applied in such circumstances.

In short, on our assumption that a trial judge has discretionary power to dismiss an indictment for lack of prompt prosecution, the exercise of that discretion here was abused.

We affirm the judgment of the Court of Special Appeals which reversed the judgment of the Circuit Court for Howard County and remanded the case to that court for trial.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED WITH COSTS.