653 A.2d 520

**STATE of Maryland**

v.

**Eric Levosier McKAY.**

**No. 745, September Term, 1994.**

Court of Special Appeals of Maryland.

Feb. 8, 1995.

Celia Anderson Davis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. on the brief), Baltimore, for appellant.

No brief or appearance by appellee's counsel.

Submitted before MOYLAN, WENNER and FISCHER, JJ.

WENNER, Judge.

The State, appealing from the dismissal of an eight count indictment by the Circuit Court for Prince George's County, asks:

Did the trial court exceed its authority in dismissing the indictment for lack of prosecution?

We shall answer, "Yes," and reverse the judgment of the circuit court.

## FACTS

On 17 December 1993, a grand jury returned an eight-count indictment against appellee, Eric Levosier McKay. When the case came to trial on 4 April 1994, the following colloquy occurred:

DEFENSE COUNSEL: Good morning, Your Honor. Paul Noyes on behalf of Mr. McKay. Mr. McKay is also present in court. Mr. Manthripragada [the prosecutor], as I understand, is in courtroom 202. It's my understanding that he intends to seek a continuance.

In the first case that came before you, Mr. Harewood was the codefendant; and that case was reset because of the pending juvenile waiver hearing.

It's my understanding that based on that, Mr. Manthripragada is going to request a continuance.

COURT: Do you oppose it?

DEFENSE COUNSEL: I defer to the Court on it.

COURT: Well—

DEFENSE COUNSEL: There have been ongoing discovery problems between the State and myself. There were problems with me receiving the photo spread.

COURT: Were you given a photo spread?

DEFENSE COUNSEL: Mr. Manthripragada said—

COURT: The case is dismissed for failure of the State to appear and go forward.

This appeal followed.

### DISCUSSION

It is beyond cavil in Maryland that a trial judge may not punish a prosecutor for 'lack of prosecution' by summarily dismissing a valid indictment. *Gonzales v. State,* 322 Md. 62, 585 A.2d 222 (1991); *State v. Hunter,* 10 Md.App. 300, 270 A.2d 343 (1970). Consequently, we shall reverse the judgment of the circuit court.

**JUDGMENT REVERSED.**

**COSTS TO BE PAID BY APPELLEE.**